UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAVID AUGUST KILLE,

    Petitioner,

vs.

STATE OF NEVADA,

    Respondent.

Case No. 2:14-cv-01547-GMN-CWH

**ORDER**

    Petitioner David August Kille, a Nevada prisoner, has filed an application to proceed *in forma pauperis* and submitted a petition for a writ of errors coram nobis as well as a motion to extend prison copywork limit.

    Petitioner seeks a petition for writ of coram nobis based on his claim that his counsel was ineffective when he failed to inform petitioner of his right to a direct appeal of a state juvenile judgment of conviction entered May 12, 2003 (ECF #1-1). Petitioner states that he is not in custody on the judgment of conviction he challenges. *Id*. at 3.

    The writ of error coram nobis affords a remedy to attack a conviction when the petitioner has served his sentence and is no longer in custody. *Telink, Inc. v. United States*, 24 F.3d 42, 45 (9th Cir.1994). Specifically, "[t]he writ provides a remedy for those suffering from the 'lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact' and 'egregious legal errors.'" *United States v. Walgren,* 885 F.2d 1417, 1420 (9th Cir. 1989) (quoting *Yasui v. United States*, 772 F.2d 1496, 1498, 1499 & n. 2 (9th Cir.1985)). Where the errors are of "the most fundamental character," such that the proceeding itself is rendered "invalid," the writ of coram nobis permits a court to vacate its judgments. *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir.1987) (quoting *United States v. Mayer*, 235 U.S. 55, 69 (1914)). The Ninth Circuit has held that to qualify for coram nobis relief, four requirements must be satisfied: "'(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most

fundamental character.'" *Estate of McGivney By and Through McGivney v. U.S.*, 71 F.3d 779, 781-782 (9th Cir. 1995) (quoting *United States v. McClelland*, 941 F.2d 999, 1002 (9th Cir.1991)).

District Courts have the authority to issue the writ under the All Writs Act, 28 U.S.C. 1651(a). However, a federal petition for a writ of coram nobis cannot be filed by a person seeking to challenge a state petition; it is a writ used by a court to correct its own errors, not errors of another jurisdiction. *See Finkelstein v. Spitzer*, 455 F.3d 131, 133-34 (2d Cir. 2006); *Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003). Moreover, this court cannot construe this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, because that provision allows a federal court to entertain a habeas petition for relief from a state-court judgment "only on the ground that the [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). This provision "requir[es] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *see Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). As petitioner has stated that he is not in custody pursuant to the state-court judgment of conviction from which he seeks relief, even if the court were to construe this action as a petition for a writ of habeas corpus, it would nevertheless be subject to dismissal.

**IT IS THEREFORE ORDERED** that the Clerk shall detach and file the petition (ECF #1-1).

**IT IS FURTHER ORDERED** that the petition for writ of coram nobis is **DISMISSED**.

**IT IS FURTHER ORDERED** that petitioner's application for leave to proceed *in forma pauperis* without having to prepay the full filing fee (ECF #1) as well as his motion to extend prison copywork limit (ECF #2) are both **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall ENTER JUDGMENT accordingly and close this case.

**DATED** this 18th day of November, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court